RECEIVED
JAN 17 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

AO 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District District of Alaska, at Anchorage |
|---|---|
| Name of Movant: AARON SHARPE | Prisoner No. 14584-006    Case No. A03-0034 Cr. (JMF) |
| Place of Confinement: Federal Correctional Institution<br>P.O. Box 34550<br>Memphis, Tennessee 38184-0550 | |

UNITED STATES OF AMERICA    V.    AARON SHARPE
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **United States District Court for the District of Alaska, at Anchorage**

2. Date of judgment of conviction: **October 15, 2003**

3. Length of sentence **248 months**

4. Nature of offense involved (all counts) **(Count One) Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1); and (Count Two) Possesion of a Firearm During and in Relation to a Drug Trafficking Crime; and (Count Three) Cultivation of Marijuana.**

5. What was your plea? (Check one)
   (a) Not guilty    [XX]
   (b) Guilty    [ ]
   (c) Nolo contendere    [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    [XX]
   (b) Judge only    [ ]

7. Did you testify at the trial?
   Yes [ ]    No [XX]

8. Did you appeal from the judgment of conviction?
   Yes [XX]    No [ ]

(2)

AO 243   (Rev 2/95)

9. If you did appeal, answer the following:

   (a) Name of court   **United States Court of Appeals for the Ninth Circuit**

   (b) Result   **Conviction and Sentence Affirmed**

   (c) Date of result   **2005**

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   **N/A**

    (2) Nature of proceeding   **N/A**

    (3) Grounds raised   **N/A**

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐   **N/A**

    (5) Result   **N/A**

    (6) Date of result   **N/A**

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court   **N/A**

    (2) Name of proceeding   **N/A**

    (3) Grounds raised   **N/A**

(3)

AO 243   (Rev. 2/95)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☐  **N/A**

    (5) Result  **N/A**

    (6) Date of result  **N/A**

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐  No ☐  **N/A**
    (2) Second petition, etc.  Yes ☐  No ☐  **N/A**

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A**

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243   (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one. **MOVANT'S SENTENCE WAS THE RESULT OF HIS HAVING BEEN DENIED HIS SIXTH AMENDMENT RIGHT TO A JURY TRIAL WHEN, POST-JURY-VERDICT, THE DISTRICT COURT ENGAGED IN A FACT-FINDING MISSION, UNDER A PREPONDERANCE OF THE EVIDENCE STANDARD, AND IN- CREASED THE SEVEREITY OF THE OFFENSE OF CONVICTION AND THE SENTENCE MOVANT RECEIVED.**
Supporting FACTS (state *briefly* without citing cases or law):

Movant reserves the right to amend his §2255 motion, as same pertains to this claim. He presents the present claim for the purpose of preserving his right to raise same under United States v. Booker, 125 S.Ct. 738 (2005). In the short of things, Movant pleaded not guilty to the offenses charged in the indictment. He did so to enjoy the right guaranteed under the Sixth Amendment to a trial by jury. En- compassed within that right is the right to have the jury decide and adjudge all facts relevant to the guilt or innocence of the accused and, that is relevant to the penalty he may be subject to upon his conviction. Here, the district court, while honoring the right to a jury trial, annulled the jury verdict, post-trial, and made the factual findings relevant to the severity of the offense and penalty on it's own.

B. Ground two: **MOVANT'S SENTENCE WAS THE RESULT OF HIS HAVING HAD INEFFECTIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE IN VIOLATION OF HIS RIGHT UNDER THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA.**

Supporting FACTS (state *briefly* without citing cases or law): As with ground one, Movant reserves the right to amend his §2255 motion, as same pertains to this claim. He presents the present claim for the limited purpose of preserving his right to raise same under United States v. Booker, 125 S.Ct. 738 (2005). Nevertheless, counsel failed to argue that the district court lost it's jurisdiction during the course of the pro- ceeding when the Court failed to complete the court as required under the Sixth Amendment when, as stated above, the district court annulled the jury verdict and proceeded on it's own to make factual findings relevant to the severity of the offense and of the sentence Movant might receive for the offense of his conviction. As the record of the case shows, Movant was sentenced to a term of imprisonment that exceeded the guideline maximum applicable to the offense for which the jury convicted him. Ground three: **MOVANT'S SENTENCE WAS THE RESULT OF THE DISTRICT COURT'S EXERCISE OF AUTHORITY, UNDER AN UNCONSTITUTIONAL PROVISION OF LAW (18 USC §3553(b)(1)) THAT WAS UNCONSTITUTIONAL BECAUSE IT DIRECTED THE COURT TO VIOLATE MOVANT'S SIXTH AMEND- MENT RIGHT TO A TRIAL BY JURY.**
Supporting FACTS (state *briefly* without citing cases or law):

Facts cited in ground two above are sufficient for this claim. When the district court engaged in the post-jury-verdict fact finding process that led to Movant's enhanced sentence, it did so on pretense of authority derived from 18 U.S.C. §3553(b)(1). That authority was unconstitutional because the statute itself was unconstitutional. What the statute directed the court to do, resulted in the nullification of Movant's jury verdict and allowed, or authorized, the district court to supplant a verdict of it's own, based on post-jury-verdict facts found by the court under a preponderance of the evidence standard, that increased the severity of the offense and the sentence Movant would receive.

(5)

AO 243   (Rev. 2/95)

D. Ground four: 18 U.S.C. §922(g)(1) IS UNCONSTITUTIONAL IN THAT IT REPRESENTS AN AMENDMENT OR MODIFICATION OF THE CONSTITUTION, BY CONGRESS, WITHOUT USE OF THE RATIFICATION PROCESS, IN VIOLATION OF ARTICLE V OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.
Supporting FACTS (state *briefly* without citing cases or law): Movant reserves the right to amend this claim for relief. He includes this claim in the present petition solely because, his other claims are contingent upon a limitation period that may or may not be applicable to the instant action. This is a claim based on law and not on facts which are a part of the record of this case.

IT IS ANTICIPATED that an amended motion will be prepared and submitted to the Court within 14 days of the filing this petition.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

None of the claims presented herein were previously addressed by the Court. Where such claims were not presented, Movant would show that counsel's ineffective representation was the cause for his not having raised it.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing   N/A

(b) At arraignment and plea   Lance Christian Wells, 733 West Fourth Ave., Suite 308, Anchorage, Alaska 99501

(c) At trial   Same as 15(b)

(d) At sentencing   Same as 15(b)

(6)

AO 243    (Rev. 2/95)

(e) On appeal    Same as 15(b)

(f) In any post-conviction proceeding    N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding    N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:
    N/A

    (b) Give date and length of the above sentence:
    N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☐    N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1-9-06
Date

_____
Signature of Movant
Aaron Sharpe, Pro Se Sui Juris

(7)