Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>AARON K. SHARPE,<br><br>    Defendant/Petitioner. | Case No. 3:03-cr-0034-JWS-JDR<br><br>**PARTIAL AMENDMENT TO SECTION 2255 PETITION** |

Background

Aaron Sharpe submitted an initial petition for a writ of habeas corpus (pursuant to 28 U.S.C. § 2255) on January 9, 2006; he later amended that petition on February 4, 2006. Appointed counsel has reviewed both petitions, the trial record, and spoken with Mr. Sharpe. Mr. Sharpe has identified five claims, which he maintains.

Clarification of Ground Three

Counsel offers further clarification only with respect to Ground Three, e.g., Mr. Sharpe's argument that his Fourth and Sixth Amendment rights were violated when his trial counsel did not challenge the warrantless entry, search, and seizure by the Anchorage Police

Department. The police had been summoned by a trailer park manager after he had entered an unoccupied trailer rented by Aaron Sharpe and observed a marijuana 'grow' and a firearm. The police lacked justification for their subsequent warrantless entry and for their seizure of the shotgun. The evidence resulting from these illegalities was utilized for probable cause for a subsequent warrant and for conviction at trial. Mr. Sharpe was convicted of being a felon in possession, and of a 924(c) count. Defense counsel's failure to seek suppression and dismissal amounted to a constitutionally ineffective performance.

When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant/petitioner must show that counsel's representation fell below an objective standard of reasonableness, and created a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. 668 (1984).

DATED this 9th day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

<u>Certification</u>:

I certify that on May 9, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Crandon Randell, Esq.

/s/ Mary C. Geddes