Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff/Respondent,<br><br>vs.<br><br>AARON K. SHARPE,<br><br>   Defendant/Petitioner. | Case No. 3:03-cr-0034-JWS-JDR<br><br>**MR. SHARPE'S RESPONSE TO GOVERNMENT'S OBJECTIONS** |

Background

Aaron Sharpe submitted an initial petition for a writ of habeas corpus (pursuant to 28 U.S.C. § 2255) on January 9, 2006; he later amended that petition on February 4, 2006.  The amendment referred only to Ground Number Three.  The Government thereafter filed objections to Mr. Sharpe's petition.  In a separate pleading, Mr. Sharpe has sought permission to file his own *pro se* brief in addition to the following response.

Objection to Amended Ground Three Is Meritless

In his Amended Petition, Mr. Sharpe clarified that Mr. Sharpe's third claim rested on the Sixth Amendment right to effective assistance of counsel.  Mr. Sharpe specifically alleged that

his Fourth and Sixth Amendment rights were violated when his trial counsel did not challenge the warrantless entry, search, and seizure by the Anchorage Police Department. The police had been summoned by a trailer park manager after he had entered an trailer rented by Aaron Sharpe and observed a marijuana "grow" and a firearm. The police lacked justification for their subsequent warrantless entry and for their seizure of the shotgun. The evidence resulting from these illegalities was utilized for probable cause for a subsequent warrant and for conviction at trial. Mr. Sharpe was convicted of being a felon in possession, and of a 924(c) count. Defense counsel's failure to seek suppression and dismissal amounted to a constitutionally ineffective performance.

The Government's objection to this Ground was simply that under *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). Fourth Amendment claims are not cognizable in habeas. The United States Supreme Court ruled to the contrary in *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986), holding that, as an exception to *Stone v. Powell*, a claim of ineffective assistance of counsel can permissibly include a claim that trial counsel failed to litigate competently an issue under the Fourth Amendment. The Supreme Court explained that the Fourth and Sixth Amendment claims have "separate identities and reflect different constitutional values," and therefore must be analyzed separately. *Id.*

With respect to the Government's additional objection that Mr. Sharpe has not sufficiently detailed his claim, it is indisputable that (1) the entry of the trailer was without a warrant, and (2) no motion was filed to challenge that entry. It is an unassailable premise that it is the **Government's** burden – not the defendant's – to justify a warrantless entry of a home under one of the recognized exceptions to the Fourth Amendment requirement that all searches be conducted with a warrant. *See Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 1380, 63 L. Ed. 2d 639 (1980)

(searches inside a home "are presumptively unreasonable"). Absent such justification, all evidence obtained through an exploitation of that illegality must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). In this case, the result would be the dismissal for insufficient evidence.

When the Sixth Amendment ineffective assistance of counsel claim is rooted in defense counsel's failure to litigate a Fourth Amendment issue, as it is here, petitioner must show that (1) the overlooked motion to suppress would have been meritorious, and (2) there is a reasonable probability that the jury would have reached a different verdict absent the introduction of the unlawful evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). *See also Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This is no easy burden for the petitioner as there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment in making decisions. Nevertheless, absent the vehicle of discovery or an evidentiary hearing, there are no means of determining the existence of those extraordinary circumstances which would excuse the warrantless entry of the trailer by police officers.

Accordingly, the Government's objection *qua* motion is wholly premature. Mr. Sharpe has identified the fact of a warrantless entry and search of his trailer, the legal presumptions attendant, and the omission of his attorney to file a motion to suppress as sufficient grounds on which to proceed to litigate in habeas.

This court is respectfully requested to permit Mr. Sharpe an opportunity to develop his claims through discovery and/or an evidentiary hearing.

DATED this 11th day of September, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on September 11, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Crandon Randell, Esq.

/s/ Mary C. Geddes