**AARON SHARPE**
BOP Reg. No. 14584-006
Federal Correctional Institution
P.O. Box 34550
Memphis, Tennessee 38184-0550

Movant Pro Se, by and through:

**MARY C. GEDDES**
Assistant Federal Public Defender
District of Alaska
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501

Attorney for Aaron Sharpe

RECEIVED AUG 28 2006 FEDERAL PUBLIC DEFENDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>          Plaintiff,             )<br>                                 )<br> vs.                             )<br>                                 )<br> AARON SHARPE,                   )<br>                                 )<br>          Defendant.             )<br>_____  ) | Case No. 3:03-CR-034-JMF-JDR<br><br>**MOVANT'S REPLY TO UNITED STATES' OBJECTIONS TO MOTION PURSUANT TO 28 U.S.C. §2255** |

MAY IT PLEASE THE COURT!

**AARON SHARPE**, defendant (Movant here), <u>pro se</u>, by and through Mary C. Geddes, Assistant Federal Public Defender, submits the following reply to the United States' objections to his motion pursuant to 28 U.S.C. §2255.

### I. INTRODUCTION and SUMMARY OF PROCEEDINGS BELOW

The introduction and summary of the proceedings below presented by the United States is sufficient for purposes of this §2255 proceeding. Where additional facts are required to establish clarity with respect to Movant's claims, or where facts are disputed, those will appear in the

summary of the arguments the Movant presents further herein.

## II. ARGUMENTS

### A. General Rules of §2255 Jurisdiction and Procedural Default

Postconviction relief from judgments of federal courts is generally governed by 28 U.S.C. §2255, and a set of rules for proceedings held thereunder. It is deemed as a further step in the criminal proceedings that allows for postconviction relief for a number of constitutional, statutory and/or jurisdictional claims. See <u>Advisory Committee Comments, Rule 1, Rules Governing 2255 Proceedings for the United States District Courts</u>. More specifically, whether the judgment was rendered without jurisdiction, whether the sentence was not authorized by law or otherwise open to collateral attack, whether there has been a denial or infringement of a constitutional right that renders the judgment vulnerable to a collateral attack, or whether the conviction and/or sentence amounts to a miscarriage of justice, are cognizable claims for §2255 proceedings. 28 U.S.C. §2255. <u>Also see</u> 39 Am Jur 2d §145 (Habeas Corpus).

Errors that could have been raised on direct appeal, as the United States points out, are ordinarily not available on collateral attack. <u>See</u> e.g., <u>Manley v. United States</u>, 352 F.2d 515 (5th Cir. 1965); <u>Stone v. Powell</u>, 428 U.S. 465, 49 L.Ed.2d 1067, 96 S.Ct. 3037 (1976), <u>rehg. den.</u>, <u>modif den.</u>, 429 U.S. 874, 50 L.Ed.2d 158, 97 S.Ct. 197 (1976)(2255 is not available to do service of an appeal). Indeed, from a historical perspective, it conclusively appears that §2255 was intended to simply provide a federal prisoner with a remedy exactly commensurate with that which had been previously available via the writ of habeas corpus. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 41 L.Ed.2d 109, 94 S.Ct. 2298

(1974).

In the instant motion Movant submits several claims that were not available for presentation on direct appeal or, are claims that should have been raised on direct appeal but were not because of counsel's ineffective performance. **United States v. De La Fuente**, 8 F.3d 1333, 1336-37 (9th Cir. 1993)(although section 2255 movant defaulted by failing to raise claim on direct appeal, default excused by adequate showing of cause and prejudice).

The United States maintains that Movant's claims are not cognizable under §2255. Movant disputes this allegation.

### B. Claims Raised by Movant in his §2255 Motion

#### 1. 18 U.S.C. §922(g)(1) is unconstitutional and, therefore, the district court had no subject matter jurisdiction

Movant contends that **18 U.S.C. §922(g)(1)** is unconstitutional, not as the United States would have the Court believe but, because it represents an amendment to the **Constitution**, acquired through an enactment of Congress and not, as required by the **Constitution**, through the amendatory process prescribed in **Article V**. (See booklet submitted as an Exhibit to Movant's original §2255 motion - Federal Firearms Legislation Violates Article V, by Gary William Holt). In other words, it represents an excessive exercise of legislative authority that violates **Article V**. The fact that **Article V** allows amendments to the **Constitution** through a very narrow ratification process, any enactment of Congress that amends the **Constitution** without benefit of the amendatpry process is **void**. See **National Prohibition Cases**, 253 U.S. 350, 64 L.Ed. 946, 40 S.Ct. 510 (1920)

The response of the United States suggest that Movant's claim is

3

that 18 U.S.C. §922(g)(1) violates the Second Amendment. However, such a narrow interpretation of the claim underscores the actual claim, it's importance in constitutional law, and deprives the claim of the attention it deserves. Indeed, because the Second Amendment transformation is the easier claim to address, it is understood why the United States chooses to follow that thesis. Whats at stake with respect to Movant's claim, however, is far more complex and far reaching than the United States would like.

While it is true that the amendment to the Constitution that Movant makes his claim upon is to the Second Amendment, the amendment is not there in isolation. With an understanding of the history of the Second Amendment, it is understood how a regulation that prohibits the individual from keeping and bearing arms amends the Constitution. Focusing on the legal complexities of the claim, one has to look further than the Second Amendment (in isolation) to solve the issue. Indeed, while the Second Amendment is about the right of the people, in the collective sense, to keep and bear arms, the individual right to keep and bear arms stems from the right of the people embedded in the Tenth Amendment to exercise those powers and those rights not enumerated in the Constitution nor prohibited by it. Thus, the individual right to possess firearms, which through the Second Amendment, is not prohibited and, is not reserved to the federal government under it, is reserved to the people, and/or to the States, and, therefore, is beyond the authority of the federal government. The common defense of the individual, the right to protect oneself, and one's property, encompasses the unenumerated right of the individual to keep and bear arms under the Tenth Amendment. [1]/

---

[1]/ The Constitution divides the Government of the United States into five branches - not the three that our courts have pawned on the people for decades. There is the legislative (Art.I), the executive (Art.II), the judicial (Art.III), the State (Amend.10) and the people (Amend.10).

4

Before turning to the question of whether Movant presents a valid claim against the lawfulness of **18 U.S.C. §922(g)(1)**, it must be pointed out that Movant makes no claim that **§922(g)(1)** violates the **Second Amendment**. Rather, as he states here, his claim is that **§922(g)(1)** violates **Article V** because it represents a legislative enactment of Congress that violates the separation of powers doctrine and amounts to an unauthorized amendment to the **Constitution**. Therefore, the argument of the United States is insufficient to contradict Movant's claim and this Court should visit the claim as it is presented and not as the United States would prefer that it be determined.

In a nutshell, **§922(g)(1)** strips from the individual a natural right protected by the **Tenth Amendment**, that is not enumerated in the **Constitution** nor prohibited to the individual by it. Because of this fact, the federal government may not legislate so that the right is curtailed from the individual. Such constitutes an amendment to the **Constitution** that is not authorized and, that fails to follow the amendatory process prescribed elsewhere in the **Constitution**. A statute that is **void** cannot stand as authority for depriving an individual of his liberty. Therefore, Movant is entitled to have the constitutionality of the provision scrutinized, on his argument, and to have the statute declared unconstitutional — in violation of **Article V** in conjunction with **Amendment** 10. (This is an issue of first impression and deserves more than the lip service the United States would have the Court attribute to it.

> 2. **Counsel was ineffective for failing to investigate the background of the firearm charged against the Movant and for failing to raise the issue of the government's failure to prove the firearm was, in actuality, possessed by the Movant after Movant became ineligible to possess a firearm.**

5

In the instant case Movant was charged with possession of a firearm that was found on a shelf in a mobile home that Movant was not immediately residing within. During trial there was no evidence presented by the government to show that Movant ever possessed the firearm after he became a person unauthorized to possess a firearm. The government did not submit evidence of when the firearm was manufactured, when the firearm was purchased, nor was there evidence that Movant ever "actually" possessed the firearm after he became a disqualified person. Because of these inadequacies, Movant's attorney should have investigated the background of the firearm to determine, for the defense, the origin of the firearm, and to obtain information which would have established that Movant never possessed the firearm after becoming a disqualified person. He did not do so and, therefore, his representation was ineffective and prejudiced the Movant's defense.

The government argues that insofar as Movant argued the insufficiency of evidence to sustain the firearm conviction on direct appeal, Movant is barred from presenting the instant claim. However, Movant's claim is not that the government presented insufficient evidence, rather, it is that counsel was ineffective for failing to subject the prosecution's case to the kind of adversarial proceeding to which Movant was entitled and, his ineptness resulted in Movant being convicted of an offense that is "actually innocent" of.

Therefore, the government's objection to Movant's claim here should be overruled and an evidentiary hearing should be held to determine the extent of counsel's ineptness.

6

### 3. Counsel was ineffective for failing to challenge the constitutionality of 18 U.S.C. §922(g)(1) as being violative of Article V and the amendatory clause contained therein.

For purposes of this claim Movant restates herein each and everything contained in Section B (1.) above as though same was reprinted here verbatim.

Because it is obvious that **18 U.S.C. §922(g)(1)** represents a constructive amendment to the **Constitution**, counsel was ineffective for failing to raise the argument at trial. In the alternative, the issue is so novel that counsel could not have been expected to know of it's existence and, therefore, was not ineffective for failing to raise it.

### 4. When Movant changed the locks on his rental property he raised the expectation of privacy and the evidence obtained from his rental property was seized illegally because that expectation was violated when his property was broken into by the landlord and police failed to obtain a warrant before entering the property themselves; counsel for the Movant was ineffective for failing to raise this significant fact in pursuit of the suppression of the evidence.

The **Constitution** protects people and what they seek to preserve as private against unreasonable seizure. **Kruger v. Miller**, 489 F.Supp. 321 (D.C. Tenn. 1977). Thus, warrantless searches of an individual's private domain is presumptively unreasonable. **United States v. Karo**, 104 S.Ct. 3296, 82 L.Ed.2d 530, reh. den., 105 S.Ct. 51, 82 L.Ed.2d 942 (1984).

In ascertaining whether a privacy issue arises in any given circumstance, courts must look to the objective manifestations of claimed privacy expectations. **Dow Chemical Co. v. U.S. By and Through Gorsuch**, 536 F.Supp. 1355 (D.C. Mich. 1982), rev. 749 F.2d 307 (6th Cir. 1982). Indeed, if the individual took extraordinary steps to protect their privacy, the law protects them against unreasonable invasions. **United States v. Williams**, 581 F.2d 451 (C.A. Miss. 1978)(because defendant did

7

not erect a fence the outcroppings of his property were exposed and not protected from a search thereof).

In the instant case, the landlord purportedly observed water coming from the mobile home rented to the Movant. On this information, the landlord breached the premises and let himself into the mobile home. He had to obtain the assistance of a locksmith, to pick the lock, to do so. Therefore, in essence, the landlord broke into Movant's rental unit to take a look see about the interior. [2/]

Nevertheless, absent any sign of illegal activity, the landlord had no right to intrude into the premises. **United States v. Selberg**, 630 F.2d 1292 (C.A. Minn. 1980).

Because Movant changed the lock at his mobile home, there was no common control or authority over the mobile home for the landlord to claim. Nor can it be said that the police had any right, once notified by the landlord, to enter the property on his consent and without a warrant. **Selberg**, 630 F.2d at 1295. See also **United States v. Speights**, 557 F.2d 362 (2d Cir. 1977)(when the locks were changed the landlord lost any common authority to enter the property).

In a nutshell, the situation at Movant mobile home presented no facts upon which police could reasonably conclude they had a right to enter the trailer without a warrant. Thus, the evidence obtained must be deemed to be fruits of the poisonous tree and should have been excluded. Counsel's failure to address this issue, on the premise of there being a greater expectation of privacy because of the Movant's

---

[1/] The landlord could have cut off the water main rather than intrude into the privacy of the rental unit. When he learned that the lock had been changed, this should have been his response.

8

decision to change the lock, the landlords lack of common authority to enter the premises after the lock was changed, and by virtue of the fact that an alternative to entering the mobile home existed for the landlord to protect the property, and by virtue of the fact that the police should have acquired a warrant before entering the property at any point in time, constitutes ineffective assistance of counsel. But for counsel's ineptness, Movant would not have been subject to conviction or punishment in this case.

### C. Ineffective Assistance of Counsel Standard

An accused right to be represented by counsel is a findamental one. Indeed, lawyers in criminal cases are necessities, as their presence is essential because they are the means through which the other rights of the person accused are secured. **Strickland v. Washington**, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). Thus, it has long been held that the right to assistance of counsel means "effective assistance" of counsel. **Id**. The proper standard for attorney performance is whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. **Id**. If it is found that counsel's performance fell below that standard, the prisoner must then prove that counsel's performance prejudiced his defense. **Id**.

In the instant case it is obvious that counsel's performance fell below an objective standard of reasonableness. Equally, it is obvious that the performance prejudiced Movant's defense. Indeed, but for counsel's ineffectiveness a different outcome in the proceedings would have resulted.

Both, as to counsel's failure to challenge the constitutionality

9

of **18 U.S.C. §922(g)(1)**, particularly where several Supreme Court justices have expressed a concern over the constitutionality of the provision (<u>Printz v. United States</u>), and counsel's failure to raise the significant factual circumstance of the change of the lock on the mobile home and the greater amount of privacy expectation created by it, counsel was ineffective. Had counsel raised these issues, there is no infallible means to know how the court would have ruled, but, aside from how the court may have ruled, counsel had the obligation to raise the claims. Therefore, counsel's performance fell below the required standard and Movant was so prejudiced by it, knowing the outcome of his claims is not likely.

Movant would additionally point out the fact that his sentence was in violation of the Sixth Amendment as the fact of his prior convictions was not found by a reasonable doubt standard, and counsel did not preserve this issue for him.

### D. Conclusion

For all of the reasons stated herein, this Court should overrule the Government's objections to the §2255 motion and allow this motion to proceed further. Because the motion includes a claim of ineffective assistance of counsel an evidentiary hearing should be held to ferret the facts essential to establishing whether counsel was or was not ineffective.

Respectfully submitted,

_____
AARON SHARPE
Pro Se By and Through Mary Geddes
Counsel for Movant

10