Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br><br>vs.<br><br>AARON K. SHARPE,<br><br>        Defendant/Petitioner. | Case No. 3:03-cr-0034-JWS-JDR<br><br>**REPLY TO GOVERNMENT'S "SUPPLEMENTAL MEMORANDUM" AT DOCKET 99** |

Aaron Sharpe filed a motion to vacate his conviction under 28 U.S.C. § 2255 on various grounds. After an evidentiary hearing on one of his claims, Mr. Sharpe filed his brief on the merits and the government answered at Docket 99. Mr. Sharpe replies as follows.

I.    Clarification of Claims Presented.

The respondent's description of the issues to be decided – on page 2, lines 1-5 at Docket 99 – was a little confusing. For that reason, the following clarification is provided. Mr. Sharpe's original petition cited five claims of error (Docket 56, 59). A subsequent pleading by counsel only amended Claim No. 3 (Docket 70). An evidentiary hearing was only required with respect to Claim No. 3 (EH Tr., Vol. I, at 3). The brief on the merits, recently filed by counsel,

reiterated all five claims, but discussed only Claim Nos. 3 and 5 (Docket 98). The brief indicated that, with respect to all claims but No. 3, Mr. Sharpe would continue to rely upon the analysis he provided in his original petition. Mr. Sharpe has not voluntarily dismissed any of his claims.

II.  Evidentiary Issues Identified in Opening Brief as Errors Also Require Determination by Habeas Court.

Although the government's responsive pleading lacked any direct acknowledgment, Mr. Sharpe's opening brief had identified three evidentiary issues arising in the evidentiary hearing (Docket 98 at 3-4). As described in his opening brief, the court's rulings on these issues amounted to error. Mr. Sharpe now re-visits the first two errors in light of the comments made by the government in its responsive pleading.

First, the magistrate judge erred in refusing to characterize the testimony of Robert Herz as that of an expert witness in the field of criminal defense (EH Tr., Vol. I, at 35).[1] As a practical matter, this determination by the court to deny "expert" status to Mr. Herz's testimony may have had little impact because the court did not restrict Mr. Herz's testimony in any way. But, to the extent that this court weighs "expert" testimony differently than that provided by a "lay" witness, then the court's failure to so credit Mr. Herz's testimony was error which undercut his Fifth and

---

[1] Mr. Sharpe said that Mr. Herz would testify about his review of the discovery and, based upon his extensive experience, would opine as to whether a reasonably competent performance by an attorney would have included consideration of and the filing of a motion to suppress (EH Tr., Vol. I, at 10, 33). The government's opposition seemed to be based solely upon the fact that Mr. Herz had not reviewed the trial transcript in the case in preparation for his testimony, and the government urged the court to decide the issue presented solely on the basis of the trial transcript (EH Tr., Vol. I, at 34).

The court ultimately allowed Mr. Herz to testify, not as "an expert on the law . . . but I think it might help edify the court on the facts of the case." Exactly. Fed. R. Evid. 702 allows for "expert testimony" if "specialized knowledge" (experience as a criminal defense practitioner) will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ."

Sixth Amendment rights to present evidence. Indeed, in its responsive pleading, the government wholly discounts the significance of Mr. Herz's testimony (Docket 99 at 2, n.2).

Second, the magistrate judge should have taken judicial notice of another district court case in which Mr. Bryson was found ineffective. Even though the prosecutor was warned by the court that evidence of Mr. Bryson's relative "experience" would open the door (EH Tr., Vol. I, at 52), the court declined to take judicial notice of another district court case in which Mr. Bryson had been found ineffective for similar reasons, the court stated it was not a matter for judicial notice (EH Tr., Vol. II, at 14-16, 23). The court should have approved Mr. Sharpe's request, given the pertinent evidentiary rule. Fed. R. Evid. 201 provides for judicial notice of adjudicative facts if the party has provided the court with the necessary information. The error in refusing such notice is now underlined by the government's responsive pleading, in which the government reiterates its view that Mr. Bryson's lengthy and "distinguished" career is relevant in the court's adjudication of this matter.

III.    The Government Does Not Disagree That a Successful Motion to Suppress Would Have Been Dispositive of the Case Against Mr. Sharpe.

At the evidentiary hearing and in his written brief, Mr. Sharpe has asserted that the firearm and drug charges in the indictment were based on evidence located in a space and trailer rented by Mr. Sharpe, and "[i]f granted, a pretrial motion to suppress the fruits of this search would have been dispositive of the case because the government could not proceed with the suppressed evidence which included the gun." Petitioner's Brief on the Merits at 1, 6 (Docket 98; *see also* EH Tr., Vol. I, at 5).

At no time has the government disagreed with that assertion.

IV. There Was No Indication That Mr. Bryson Had Investigated Legal and Factual Bases for Suppression in this Case, and There Was Unrefuted Evidence That it Was Unreasonable Not to Investigate.

The failure to file a suppression motion is not *per se* ineffective assistance of counsel, but it may be unreasonable where it is due to a failure to investigate rather than strategic considerations. *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). "An uninformed strategy is not a reasoned strategy. It is, in fact, no strategy at all." *Correll v. Ryan*, 465 F.3d 1006, 1015-16 (9th Cir. 2006).

It was stipulated that Mr. Bryson had received discovery regarding the entry of Mr. Sharpe's trailer (EH Tr., Vol. I, at 6, 14) and that he did not file any pretrial motions (Criminal Docket for Case No. 3:03-cr-0034-JWS-JDR).

Mr. Herz, an experienced attorney practicing in the state and federal courts, testified that he had reviewed the indictment and the discovery provided to Mr. Bryson, and that the discovery (and a minimum of legal research) should have informed Mr. Bryson that there were grounds for seeking suppression of the evidence (EH Tr., Vol. I, at 35-41). Mr. Herz, who had extensive experience in supervising other criminal defense attorneys (EH Tr., Vol. I, at 45), had examined Mr. Bryson's files, but found no indication that Mr. Bryson had investigated either the factual or the legal bases for suppression. Under the specific circumstances presented in this case, Mr. Herz believed that such failure to investigate was unreasonable and a dereliction of professional responsibility.

A lawyer's failure to investigate potential defenses may constitute deficient performance under *Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See Rompilla v. Beard*, ___ U.S. ___, ___, 125 S. Ct. 2456, 2466, 162 L. Ed. 2d 360 (2005) ("It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and

to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.") (*quoting* 1 ABA STANDARDS FOR CRIMINAL JUSTICE 4-4.1 (2d ed.1982 supp.)).

Mr. Herz's testimony was uncontroverted by any other proof.

V.  There Was No Evidence That Mr. Bryson's Failure to File a Pretrial Motion to Suppress Was the Result of a Conscious Decision, Much Less a Reasonable Tactical Decision.

Mr. Herz testified that he could think of no tactical or strategic reason in this case not to file a pretrial motion on these facts, especially in this type of case (high and mandatory sentencing exposure for any defendant charged with these crimes) (e.g., EH Tr., Vol. I, at 74).

Mr. Herz's testimony was uncontroverted by any other proof.

Nevertheless, the government seems to argue that the court should infer a conscious decision on Mr. Bryson's part based upon (a) Mr. Bryson's longevity as a defense lawyer (Docket 99 at 2, n.1), (b) what the government calls his "distinguished" career (Docket 99 at 2, n.1, and at 8), and (c) the fact that Mr. Bryson called an expert witness at trial for the purpose of arguing that the firearm seized by the police was unlikely to have been used for defense of a marijuana grow given that its ammunition was bird shot (Docket 99 at 9).

Mr. Sharpe has three responses.

First, and most significantly, although the government attorney must be aware that the question presented and the inquiry made as to whether a defense attorney was ineffective is case-specific, he has cited the lengthy career of Mr. Sharpe's former attorney as if it had evidentiary value here. It does not. *Cf. Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (discussing evidentiary requirements for ineffective claim). A counsel's experience could

only be possibly relevant <u>if</u> there was evidence presented establishing that a strategic decision was made, i.e., that an attorney's discretion was actually exercised.

Here, there was <u>no</u> indication that Mr. Bryson had even considered the matter. As Mr. Herz testified, and as Lance Wells would have testified (a proffer of his testimony was accepted), Mr. Bryson's files lacked any indication, such as a notation or research or memo, that would have suggested the possibility that Mr. Bryson had actually considered the threshold question presented, whether the evidence against Mr. Sharpe was legally obtained.

Second, there was no evidence introduced by the government concerning the "distinguished" career of Mr. Bryson. Over objection, the government was allowed to ask Mr. Herz to compare the longevity of his experience to Mr. Bryson's (EH Tr., Vol. I, at 51-52). Mr. Sharpe then contended that such evidence opened the door, but he was unsuccessful in getting the court to take notice of a federal district court case in which there was a judicial determination that Mr. Bryson was ineffective for reasons similar to those argued here.

Third, the government may be suggesting that Mr. Bryson's theory of defense to the firearms charge <u>at trial</u> (Docket 99 at 9) somehow necessarily precluded a decision to seek suppression during the pretrial phase of the case. However, the government presented no evidence suggesting that such choice had been made, had to be made, or that it would have reflected a <u>reasonable</u> choice. *Cf. Correll v. Ryan*, 465 F.3d 1006, 1015 (9th Cir. 2006 (*quoting Hones v. Wood*, 114 F.3d 1002, 1010 (9th Cir. 1997)). Regardless of the fact that Mr. Bryson is "deceased and unavailable for comment" (Docket 99 at 2), the government had the opportunity to present evidence on this question, but it did not present any.

VI.  The Government Only Argues the Warrantless Entry Was "Harmless Beyond a Reasonable Doubt" and the Evidence Obtained Should Not Be Excluded Because of the Inevitable Discovery Doctrine.

This case involved an initial warrantless and unconsented-to view and entry by the police into a trailer rented by Aaron Sharpe. The warrantless entry of a person's house is unreasonable *per se* in the absence of a consent and exigency, even when probable cause exists. *See Payton v. New York*, 445 U.S. 573, 586, 590 (1980). The probable cause statement for the subsequently-obtained search warrant was based on the observations of the police officers during such view and entry. The exclusionary rule "prohibits introduction into evidence of tangible materials seized during an unlawful search" and of testimony concerning the knowledge obtained during an unlawful search." *Murray v. United States*, 487 U.S. 553, 536, 537 (1988). The rule also prohibits the introduction of derivative evidence. *See Wong Sun v. United States*, 371 U.S. 471, 484, 485 (1963).

The government's responsive pleading implicitly concedes a lack of qualifying exigency or any other exception (consent, plain view) to the search warrant requirement.

The government does argue that there is an applicable exception to the exclusionary rule: that the warrantless search was "harmless beyond a reasonable doubt" (Docket 99 at 5-6).

The government asserts the warrantless entry was harmless beyond a reasonable doubt because, it claims, the police knew, "prior to arrival, there was 'illicit activity . . . actually taking place on the premises'" (Docket 99 at 6 (emphasis in original, no citation to record provided)). This argument is unsupported, made without specific citation to case law or to factual record. The assertion is also nonsensical inasmuch as the two responding police officers did not "know" any meaningful information prior to their arrival. They knew a call had been received by APD, some

7

details of that report, but they had yet to confirm anything about it. This argument must be rejected, both for a lack of factual basis and direct, supporting, or analogous authority.

The government also argues that the doctrine of inevitable discovery applies (Docket 99 at 6-7), which may be essentially the same argument as the one described previously as "harmless beyond a reasonable doubt." Mr. Sharpe has already briefed this particular issue at some length (Docket 98 at 10-13). He therefore relies upon his previous analysis, and on *United States v. Reilly*, 224 F.3d 986 (9th Cir. 2000), in particular, for his position that the doctrine of inevitable discovery does not save this search. *Reilly* instructs that even when the police could have presented sufficient facts untainted by an illegal search to a magistrate but then failed to do so, the inevitable discovery exception will not be applied. That is exactly what occurred in Mr. Sharpe's case.

VII.   Conclusion.

Without refutation in the evidentiary hearing, Mr. Sharpe established that his attorney had received timely discovery that showed there had been a warrantless "look," entry, search, and seizure of the firearm by the police inside Mr. Sharpe's rented trailer, and that evidence obtained thereby was cited as probable cause for the issuance of the warrant. Mr. Sharpe also established that there was no indication that his attorney had investigated legal or factual grounds for suppression, and it was objectively unreasonable that he had not done this.

Finally, Mr. Sharpe also established that "there is a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The government has not in any way seriously disputed the fact of a warrantless search and seizure, but merely argued that the exclusionary rule need not be applied. Mr.

Sharpe has successfully countered that argument, and shown he would likely have prevailed on the suppression motion and that there is a reasonable likelihood that he would not have been convicted.

DATED this 9th day of March, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on March 9, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Crandon Randell, Esq.

/s/ Mary C. Geddes