**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br>AARON SHARPE,<br>　　　　　　Defendant. | 3:03-cr-0034-JWS-JDR<br><br>**FINAL RECOMMENDATION<br>REGARDING SHARPE'S<br>MOTION PURSUANT TO 28<br>U.S.C. § 2255**<br><br>(Docket No. 57) |

　　　　　The Magistrate Judge has reviewed Mr. Sharpe's objections to the recommendation at docket No. 101 (amended at Docket No. 102) that Sharpe's § 2255 motion be denied. Said objections were filed at docket No. 107, and the government did not respond to them. Nothing in Sharpe's objections causes the Magistrate Judge to modify his initial recommendation. A few comments, however, are in order.

　　　　　First, Sharpe submits that the court makes a factual mistake in describing the residence in question as a "double-wide" trailer, when the photographs clearly show that it was a single only. The court stands corrected. This is, however, of no moment regarding any of the recommendation's analysis or conclusions. Next, Sharpe contends that the court erred on several other matters of fact. This is not the case. All of Sharpe's other contentions of factual error are couched in terms of partial facts which are combined with arguments and conjecture about matters in dispute. Regardless, none of these arguments detracts from the courts conclusions of law, and they are particularly without import as to the conclusion that the inevitable discovery doctrine is applicable to this case.

　　　　　Next, Sharpe submits a rehash of his earlier arguments by contending that

the court erred in determining that Sharpe had not established that his counsel's performance was not well withing the range of reasonable professional judgments, and that the court abused its discretion in excluding Mr. Herz's testimony as not being "expert" testimony. Conspicuously absent from Sharpe's objections is a grappling with the critical point of the initial recommendation: "Searches by private individuals are subject to the restrictions of the Fourth Amendment only if the private individual is acting as an instrument or agent of the government at the time of the search. *U.S. v. Reed,* 15 F.3d 928, 931 (9th Cir. 1994)." As there is no showing whatsoever that the private individuals in question were acting as government agents, it was not an unreasonable professional judgment not to bring a motion to suppress when – as discussed in the recommendation – coupled with other information in the police reports established probable cause to make a security sweep, obtain a search warrant, and made the inevitable discovery doctrine applicable to this case.

As for the rejection of Mr. Herz as a proffered expert witness, Sharpe's objections fail to discuss the appropriate rules of evidence which were discussed in the initial recommendation. Indeed, he seems to pull things out of thin air and submit them as having been stated in the recommendation when they were not. Furthermore, the cases he cites (*Karis v. Calderon,* 283 F.3d 1117, 1113 n. 9 (9th Cir. 2002) and *Wiggins v. Smith,* 539 U.S. 510, 523 (2003)) are cited for very general propositions. Finally, in this regard, the court notes that the federal defender has proffered attorneys as expert witnesses in this and other cases, only to have them rejected. When it comes to questions of law, it is counsel's job to make arguments, and it serves no useful purpose to deem surrogate advocates as "experts".

Segueing into Sharpe's other objections, as discussed above he fails to address the rule that: "Searches by private individuals are subject to the restrictions of the Fourth Amendment only if the private individual is acting as an instrument or agent

of the government at the time of the search." *Reed,* 15 F.3d at 931, when he argues that the court erred in stating: "The police were not obliged to gauge their entry to secure the premises for purposes of officer and public safety due to what may have been an alleged illegal entry by the landlord." As discussed in the initial recommendation, that point of law settles the issue.

As for the exigent circumstances justifying the warrantless search, Sharpe has not addressed the recommendation's discussion of *U.S. v. Wilson,* 865 F.2d 215, 216 (9th Cir. 1989). Instead, Sharpe discusses other cases, which while generally correct, do not confront the facts presented in his case. The recommendation's *Wilson* analysis stands unchallenged.

Sharpe also contends that the recommendation is mistaken in finding that the "protective sweep" was limited to ensuring that no one was inside the trailer. In the same breath he discusses other matters such as accompanying the plumber into the trailer and seizing the shotgun and taking photographs. Suffice it to say, this argument conflates different factual events and mixes up what the recommendation actually stated. The court will not belabor the point by marching through these points.

Finally, Sharpe objects as a matter of law on the recommendation's conclusion regarding inevitable discovery. Sharpe's objections offer nothing new. Enough has been said here and in the recommendation on that subject. The doctrine of inevitable discovery is applicable.

## CONCLUSION

For the foregoing reasons the Magistrate Judge declines to modify his recommendation that Sharpe's motion (Docket No. 57, supplemented at No. 59 and partially amended at No. 70) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.

DATED this 18th day of April at Anchorage, Alaska.

        /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge