Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br><br>vs.<br><br>AARON K. SHARPE,<br><br>        Defendant/Petitioner. | Case No. 3:03-cr-0034-JWS-JDR<br><br>**MOTION FOR A CERTIFICATE OF APPEALABILITY** |

The district court has dismissed Aaron K. Sharpe's application for post-conviction relief which was filed pursuant to 28 U.S.C. § 2255.  Mr. Sharpe seeks a certificate of appealability under §§ 2253 and 2255, on the grounds that he made a sufficiently substantial showing of the denial of a constitutional right to permit an appeal of the district court ruling.

I.    BACKGROUND

    A.    The Original Case

Aaron Sharpe was charged by indictment with three counts:  for being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(e)(1); for possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(I); and for cultivation

of marijuana under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). These charges were based upon evidence located in a space and trailer rented by Mr. Sharpe.

Mr. Sharpe was represented by retained lawyer William Bryson. Mr. Bryson did not file any pretrial motions. Mr. Sharpe went to trial. He did not testify. He was convicted of all counts.

The Presentence Report writer reported that Mr. Sharpe was an Armed Career Offender. No objections were filed by Mr. Bryson. Mr. Sharpe, 31 years old, received concurrent sentences of 188 months for Counts 1 and 2, and 60 consecutive months for Count 3.

Mr. Sharpe appealed. The Ninth Circuit ultimately replaced Mr. Bryson as Mr. Sharpe's appellate counsel after Mr. Bryson failed to either file the opening brief as scheduled or failed to withdraw. Attorney Lance Wells was thereafter appointed to represent Mr. Sharpe on appeal. Mr. Sharpe's convictions were affirmed on June 1, 2005.

Mr. Bryson died on January 10, 2006.

B.   The Habeas Petition

Aaron Sharpe filed a motion to vacate his convictions pursuant to 28 U.S.C. § 2255. The Federal Defender was appointed to represent him. Mr. Sharpe's petition was amended only with respect to Count 3.

Mr. Sharpe asked for discovery or, in the alternative, an evidentiary hearing. The magistrate judge allowed an evidentiary hearing.

C.   The Evidentiary Hearing and Petitioner's Objections

The hearing was held on December 11, 2006, before Magistrate Judge John Roberts. The hearing concerned only one of Mr. Sharpe's claims, i.e., Mr. Bryson's failure to file a motion to suppress based upon an warrantless, unjustified search of Mr. Sharpe's trailer.

Petitioner had nine witnesses, seven of whom testified. Some proffers by petitioner were accepted in lieu of testimony. Four of petitioner's witnesses (the two police officers and the two trailer park employees) had testified at Mr. Sharpe's trial as government witnesses.

Petitioner introduced into evidence: the search warrant related materials (Ex. A); police reports of APD officers Kwasigroch, Glor, Paiz, Jones, and Armstrong (Ex. B); rental-related documents concerning Space No. 186 and trailer at the Rangeview Trailer Park (Ex. C); the retainer agreement between Mr. Bryson, Mr. Sharpe, and Mr. Sharpe's mother, Gwen Brew (Ex. D); photos taken by APD officers prior to obtaining a warrant (Ex. E, F, G, and I); and an excerpt from the cross-examination of Officer Glor at Mr. Sharpe's trial (Ex. H).

The government called no witnesses, and introduced no evidence.

There were three evidentiary issues in the hearing.

First, although the magistrate judge denied Mr. Sharpe's request to have the court accept Robert Herz as an expert witness in criminal defense, the court did not thereafter limit the admissibility of Mr. Herz's testimony, including his opinions. (Vol. I, Tr. 5, 12, 23, 32, 33, 35; Vol. II, Tr. 12-14, 23-26.)

Second, the magistrate judge declined to take judicial notice of another district court case in which Mr. Bryson was found ineffective.[1] (Vol. II, Tr. 14-16, 23.) It is the petitioner's position that respondent's counsel opened the door to such evidence by questioning attorney Herz's experience, relative to that of Mr. Bryson.

Third, police officer Jason Kwasigroch was allowed to utilize his police report as the factual basis for some of his testimony, *rather than his recollection.* In other words, he substituted

---

[1] *See United States v. Hugh M. Powers*, Case No. A97-0119 (HRH) (finding Mr. Bryson ineffective, and granting relief for the petitioner).

3

the content of this record for any recollection. (Vol. I, Tr. 199.) The magistrate judge said this would be permitted because petitioner had also sought and obtained admission of the police report (as Exhibit B, Tr. 27). Petitioner's counsel objected to that rationale for admission because the police reports were admitted for a limited purpose, to show what discovery had been received by Mr. Bryson and whether, based on that discovery, a reasonably competent attorney would have filed a motion to suppress. (Tr. 23, 24, 25, 27, 28, 199.) Ordinarily, police reports are not admissible under Federal Evidence Rule 803(8).

The hearing ended with oral argument. The government said it would rely upon the inevitable discovery doctrine as the reason why Mr. Bryson's performance was not ineffective. (Vol. II, Tr. 31-33 ("they had the probable cause to get the warrant before they got near the trailer").)

Merit briefing on all issues was permitted by the court.

II.   CLAIMS ONE, TWO, AND FOUR

For each of these three claims, Mr. Sharpe has decided to rely upon the facts and arguments set out in his original petition.

III.   CLAIM FIVE

Mr. Sharpe was sentenced after the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and before *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2005). He continues to rely upon the facts and authorities provided in his original petition in arguing that his sentence as an Armed Career Criminal violates the Sixth Amendment, and that Mr. Bryson failed to preserve the issue. Mr. Sharpe alleges the unconstitutionality of a statutorily mandated sentencing enhancement – based upon past criminal history – and as determined by a judge and not a jury under a lesser standard of proof. Mr. Sharpe asserts that the Supreme Court case of *Dretke v. Haley*, 541 U.S. 386 (2004), and others since, signal the Supreme Court's recognition that *Almendarez-Torres v. United*

*States*, 523 U.S. 224 (1998), involved difficult constitutional questions which should be reconsidered in the Sixth Amendment context.

IV.   CLAIM THREE

    A.   Introduction

Mr. Sharpe has sought to vacate his convictions under 28 U.S.C. § 2255 on the ground that he was denied his right to the effective assistance of counsel as guaranteed by the Sixth Amendment.[2] He complains that his lawyer, William Bryson, failed to file a motion to suppress evidence obtained in violation of his rights under the Fourth Amendment.[3]

    B.   The Showing Required By *Strickland*

Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), Mr. Sharpe must demonstrate that his counsel's omission was not well within the range of professionally reasonable judgments. He must also show that the omission created a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

---

[2] The Sixth Amendment provides:
    In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

[3] The Fourth Amendment to the United States Constitution provides:
    The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, . . . .

  C. <u>Summary of IAC Claim</u>

  In this case, Aaron Sharpe's retained lawyer, William Bryson, failed to file a motion to suppress evidence obtained by the police in an illegal warrantless search conducted on January 10, 2003. The retainer agreement between Mr. Bryson, Mr. Sharpe, and his mother covered the filing of any pretrial motions. There was no evidence of any strategical reason, or advantage gained, for the failure to file a pretrial motion.

  Mr. Sharpe asserts that the police obtained constitutionally-unauthorized views of and smells emanating from the interior of Mr Sharpe's rental trailer. The police entered the trailer, made observations, took photographs, and seized a shotgun, prior to obtaining any warrant. Thereafter, the police sought a warrant, utilizing the illegally obtained information, to search for evidence of "misconduct involving a controlled substance, any degree."

  Suppression would have been ordered because: the tenant did not consent to any entry or view by anyone; there was no exigency allowing for the warrantless, unconsented view and entry by the police; there was no exigency allowing for the seizure of the shotgun inside the home prior to obtaining any warrant; and, probable cause for the later issuance of the search warrant was expressly premised upon the APD officer's unauthorized seizure of the weapon and search. If granted, a pretrial motion to suppress the fruits of this search would have been dispositive of the case, because the government could not proceed without the suppressed evidence, which included the gun.

  D. <u>Based On the Discovery Received, Counsel Should Have Moved to Suppress</u>

  Mr. Bryson's pretrial representation was inadequate because: he received discovery that would have alerted him to an initial warrantless search lacking in exigency; he did not file a

6

motion to suppress; and, there was no tactical or strategical reason he did not file. This conclusion is supported by proofs established in the evidentiary hearing.

V.  <u>Conclusion</u>.

Because Mr. Sharpe identified questions concerning his substantial rights under the Sixth Amendment and his right to pursue relief under 28 U.S.C. § 2255, this district court is respectfully requested to approve a certificate of appealability to the Court of Appeals.

DATED this 5th day of June, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

<u>Certification</u>:

I certify that on June 5, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Crandon Randell, Esq.

/s/ Mary C. Geddes